UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

JAMES L. DEAVER, an individual

Plaintiff,

v.

WAL-MART ASSOCIATES, INC., a Delaware corporation; WALMART INC., a Delaware corporation,

Defendants.

Case No. 2:26-CV-00143-JCM-DJA

**ORDER**

Presently before the court is defendants Wal-Mart Associates, Inc and Walmart Inc. (collectively "Walmart")'s motion to dismiss. (ECF No. 16).  Plaintiff James Deaver filed a response (ECF No. 18), to which Walmart replied (ECF No. 19).

## I.    Background

On January 21, 2026, Deaver brought an action for alleged workplace discrimination by his former employer Walmart.  (*See* ECF No. 1).  On February 17, 2026, Deaver also filed a Chapter 7 Petition for Bankruptcy in the U.S. Bankruptcy Court for the District of Nevada.  (*See* ECF No. 16, Exhibit A).  Deaver's petition did not disclose any potential claims against Walmart as required by law.  (*See id.*).

Walmart now moves to dismiss pursuant to Federal Rule of Civil Procedure 12(c), arguing that Deaver lacks standing to bring his claims and only the trustee of the bankruptcy estate, who was not notified of the claims, can bring suit.  (*See* ECF No. 16).

## II.    Legal Standard

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial[.]"  Fed. R. Civ. P. 12(c).  A motion for judgment on the pleadings is "functionally identical" to a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  *Dworkin v. Hustler Mag. Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  "When considering a motion for judgment on the pleadings, the court must accept as true all material

allegations in the complaint and view them in the light most favorable to the plaintiff." *NL Industries v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).  Judgment on the pleadings is proper only "when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Enron Oil Trading & Transp. v. Walbrook Ins. Co.*, Ltd., 132 F.3d 526, 529 (9th Cir. 1997) (citing *George v. Pacific-CSC Work Furlough*, 91 F.3d 1227, 1229 (9th Cir. 1996), *cert. denied*, 519 U.S. 1081 (1997)).  The court should only dismiss the case if "it appears beyond a doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sun Savings and Loan Ass'n v. Dierdorff*, 825 F.2d 187, 191 (9th Cir. 1987).

### III.    Discussion[1]

Walmart argues that Deaver's failure to disclose the claims before this court to the bankruptcy court strips him of standing to raise them in this forum.  "Under the Bankruptcy Code, 'all legal or equitable interests of the debtor in property as of the commencement of a bankruptcy case' belong to the bankruptcy estate created at the debtor's filing of a bankruptcy petition." *Bercy v. City of Phoenix*, 103 F.4th 591, 594 (9th Cir. 2024).

Property of the estate includes "all legal or equitable interests of the debtor in property as of the commencement of the case," including "the debtor's 'causes of action.'" *Smith v. Arthur Andersen LLP*, 421 F.3d 989, 1002 (9th Cir. 2005) (first citing 11 U.S.C. § 541(a)(1); and then citing *United States v. Whiting Pools, Inc.*, 462 U.S. 198, 205 n.9 (1983)).  Once the estate is created, "only the bankruptcy trustee," as the "representative of the estate and the real party in interest in a suit on the estate's claims, has capacity to sue on the estate's behalf." *Bercy*, 103 F.4th at 594–95 (citing 11 U.S.C. § 323(a)–(b)).  The debtor himself lacks prudential standing to do so. *Id.* (citing *Dunmore v. United States*, 358 F.3d 1107, 1112 (9th Cir. 2004).

A petitioner may, however, regain standing if the bankruptcy trustee abandons the claims.  Property of the estate may be abandoned by three methods: (1) after notice and hearing, the trustee

---

[1]    The court finds the parties' arguments regarding judicial estoppel inconsequential and thus does not elaborate beyond declining to exercise the discretionary doctrine at this time. *See Ah Quin v. Cnty. of Kauai Dep't of Transp.*, 733 F.3d 267, 272 (9th Cir. 2013).

may unilaterally abandon property that is 'burdensome ... or ... of inconsequential value' (11 U.S.C. § 554(a)); (2) after notice and hearing, the court may order the trustee to abandon such property (11 U.S.C. § 554(b)); (3) any property which has been scheduled, but which has not been administered by the trustee at the time of closing of a case, is abandoned by operation of law. (11 U.S.C. § 554(c).)

The court declines to dismiss this case based on Deaver's failure to disclose. Although Deaver initially failed to disclose these claims in his bankruptcy proceeding, he has since filed amended schedules with the bankruptcy court. (ECF No. 18, Ex. 2). Deaver also contacted the trustee of the bankruptcy estate and informed him of the claims. (ECF No. 18, Ex. 3).

After being apprised of all information regarding the claims in this action, the trustee stated that the resolution of this case would likely "come from a settlement," and that if this case were to "go all the way to trial, it will take a long time and [it is] not worth keeping the estate open that long." (*Id.*). The trustee concluded that he is "still [] going to abandon the claim" and will not change his no-distribution report. *Id.*

Deaver omitted the information about the claims in error and promptly amended his bankruptcy schedules once the deficiency was brought to his attention through Walmart's present motion. (ECF No. 18, Ex. 1). Further, the court does find a formal notice and hearing necessary before the trustee may abandon these claims, as the trustee has been appraised of the existence and underlying facts of this action. Walmart responds that the trustee merely states his intent to abandon the claims and further argues that the emails presented in Exhibit 3 to Deaver's response cannot be properly relied on. Accordingly, Deaver shall have twenty-one (21) days to submit an affidavit from the trustee outlining the trustee's official position on abandonment of these claims.

**IV.    Conclusion**

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Walmart's motion to dismiss (ECF No. 16) be, and the same hereby is, DENIED.

- 3 -

IT IS FURTHER ORDERED that Deaver shall have twenty-one (21) days to submit an affidavit from the trustee outlining the trustee's official position on abandonment of these claims. Should Deaver fail to submit the affidavit or if the trustee's position is no longer that he wishes to abandon these claims, Walmart may again move to dismiss on the same ground.

DATED June 15, 2026.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE